**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **Sonya Esedebe, Tarajah Ford, Sandra Robinson, Antoinette Mapp, Chelsey Slade, Ivy Stewart, Sophia Taylor, Whitney Taylor, and Destiny Walls, on behalf of themselves and others similarly situated**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Circle 2, Inc. d/b/a Daddy Rabbits also d/b/a Candy Bar,**<br><br>**BTF3, LLC d/b/a Paper Moon,**<br><br>**Imaginary Images, Inc. d/b/a Paper Moon,**<br><br>**M.G.B., Inc. d/b/a Pure Pleasure,**<br><br>**Arkesia, Inc. d/b/a Club Rouge,**<br><br>**Pyliaris Corporation, and**<br><br>**William Pyliaris,**<br><br>**Defendants.** | **CIVIL ACTION NO.** _____ |

**<u>COMPLAINT</u>**

Plaintiffs Sonya Esedebe, Tarajah Ford, Sandra Robinson, Antoinette Mapp, Chelsey

Slade, Ivy Stewart, Sophia Taylor, Whitney Taylor, and Destiny Walls respectfully moves for

judgment against Circle 2, Inc. d/b/a Daddy Rabbits and also d/b/a Candy Bar (hereinafter

"Daddy Rabbits" or "Candy Bar"), BTF3, LLC d/b/a Paper Moon, Imaginary Images, Inc. d/b/a

1

Paper Moon (BTF3 and Imaginary Images are collectively referred to as "Paper Moon"),

M.G.B., Inc. d/b/a Pure Pleasure, and Arkesia, Inc. d/b/a Club Rouge, Pyliaris Corporation d/b/a

Strickly Business Transportation, Mid-Atlantic Showclubs and Kiss My Grits Café (hereinafter

"Pyliaris Corporation") and William Pyliaris (collectively referred to as "Defendants").

## Introduction

1.     This is a claim for unpaid tips, minimum wages and overtime in violation of the

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., and unpaid wages under

Va. Code § 40.1-29. Defendants regularly deprived Plaintiffs and other similarly situated members

of the putative class of their rights under federal and Virginia wage and hour laws, including their

rights to be paid proper minimum wages, to be paid proper overtime compensation, their right to

keep earned customer gratuities or tips, and their right to work without paying "house fees" and

other fees. This lawsuit seeks to force Defendants to pay its entertainers all the wages they have

earned and to allow them to keep all the tips they earn, as required by law.

## Jurisdiction and Venue

2.     This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the

Plaintiffs may bring this action in any appropriate United States District Court.  Plaintiffs seek this

Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4)

since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of

Virginia.

4.     Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

## **Parties**

5.     Sonya Esedebe ("Esedebe") is a resident of Virginia who was employed by Defendants as a performer and entertainment employee. Esedebe was an "employee" as contemplated by the FLSA and Va. Code § 40.1-29.

6.     Tarajah Ford ("Ford") is a resident of Virginia who was employed by Defendants as a performer and entertainment employee.  Ford's maiden name when she began her employment with Defendants was "Marshall." Ford was an "employee" as contemplated by the FLSA and Va. Code § 40.1-29.

7.     Sandra Robinson ("Robinson") is a resident of Virginia who was employed by Defendants as a performer and entertainment employee.  Robinson was an "employee" as contemplated by the FLSA and Va. Code § 40.1-29.

8.     Antoinette Mapp ("Mapp") is a resident of Virginia who was employed by Defendants as a performer and entertainment employee.  Mapp was an "employee" as contemplated by the FLSA and Va. Code § 40.1-29.

9.     Chelsey Slade ("Slade") is a resident of Virginia who was employed by Defendants as a performer and entertainment employee.  Slade was an "employee" as contemplated by the FLSA and Va. Code § 40.1-29.

10.     Ivy Stewart ("Stewart") is a resident of Virginia who was employed by Defendants as a performer and entertainment employee.  Stewart was an "employee" as contemplated by the FLSA and Va. Code § 40.1-29.

11.     Sophia Taylor ("ST") is a resident of Virginia who was employed by Defendants as a performer and entertainment employee.  ST was an "employee" as contemplated by the FLSA

3

and Va. Code § 40.1-29.

12.     Whitney Taylor ("WT") is a resident of Virginia who was employed by Defendants as a performer and entertainment employee.  WT was an "employee" as contemplated by the FLSA and Va. Code § 40.1-29.

13.     Destiny Walls ("Walls") is a resident of Virginia who was employed by Defendants as a performer and entertainment employee.  Walls was an "employee" as contemplated by the FLSA and Va. Code § 40.1-29.

14.     Circle 2, Inc. d/b/a Daddy Rabbits and also d/b/a Candy Bar (hereinafter "Daddy Rabbits" or "Candy Bar") is a Virginia corporation with its principal office in Richmond, VA. Circle 2, Inc. meets the definition of "employer" as contemplated by the FLSA and Va. Code § 40.1-29.

15.     BTF3, LLC is a Virginia Limited Liability Company with its principal office in Richmond, VA.  BTF3 meets the definition of "employer" as contemplated by the FLSA and Va. Code § 40.1-29.

16.     Imaginary Images, Inc. is a Virginia Corporation with its principal office in Richmond, VA.  Imaginary Images meets the definition of "employer" as contemplated by the FLSA and Va. Code § 40.1-29.

17.     M.G.B., Inc. d/b/a Pure Pleasure is a Virginia Corporation with its principal office in Richmond, VA.  M.G.B. Inc. meets the definition of "employer" as contemplated by the FLSA and Va. Code § 40.1-29.

18.     Arkesia, Inc. d/b/a Club Rouge is a Virginia Corporation with its principal office in Richmond, VA.  Arkesia, Inc. meets the definition of "employer" as contemplated by the FLSA

and Va. Code § 40.1-29.

19.     Pyliaris Corporation d/b/a Strickly Business Transportation, Mid-Atlantic Showclubs and Kiss My Grits Café is a Virginia Corporation with its principal office in Richmond, VA.  Pyliaris Corporation meets the definition of "employer" as contemplated by the FLSA and Va. Code § 40.1-29.

20.     Upon information and belief, Pyliaris is the owner and operator of several adult entertainment clubs including Defendant clubs Paper Moon, Baby Dolls, Club Rouge, Candy Bar, Daddy Rabbits, and Pure Pleasure. Pyliaris had ultimate authority over corporate operations as well as Plaintiffs' terms and conditions of employment.  Pyliaris meets the definition of "employer" as contemplated by the FLSA and Va. Code § 40.1-29.

21.     Upon information and belief, Defendants are joint employers in that they share common ownership and management responsibilities over employer functions.  Defendants are jointly and severally liable for the acts complained of herein.

## Factual Allegations

22.     Plaintiffs have each worked for one or more of Defendant's clubs.

23.     Plaintiffs' duties are to dance, perform for, entertain, and interact with Defendants' customers.

24.     Defendants exerted control over nearly all aspects of each Plaintiff's working conditions including but not limited to:

   a.     The type of music she was allowed to dance to;

   b.     The schedules she was allowed to work;

   c.     The manner in which she interacted with customers;

5

    d.    Her dress code;

    e.    The types of shoes she was allowed to wear;

    f.    The price she was allowed to charge for dances; and

    g.    The overall atmosphere of the club.

25.    Despite the fact that Defendants controlled the entirety of Plaintiffs' employment, Defendants told Plaintiffs they were independent contractors.

26.    Defendants began requiring Plaintiffs and other workers to sign various documents. In some cases the documents stated that Plaintiffs were employees; in other documents it stated they were independent contractors.

27.    Defendants did not pay Plaintiffs a regular rate of at least $7.25 per hour, which is the required minimum wage.

28.    Defendants did not compensate Plaintiffs on an hourly basis. Therefore, in those weeks where Plaintiffs worked more than 40 hours per week, Defendants failed to compensate them with the overtime premium required under the FLSA.

29.    Shifts at Defendant's clubs last between 8.5 hours and 15 hours with no time allowed for breaks.

30.    Defendants do not pay Plaintiffs at all.

31.    Plaintiffs do not receive paychecks from Defendants.

32.    Rather than receiving wages, each Plaintiff receives tips from customers and a portion of her sales made.

33.    In addition to not paying Plaintiffs, Defendants actually deduct fees from any money earned. Deductions include the "house fee," which is a mandatory amount that must be

paid in order to work a shift at the Defendant's places of business, fees for arriving to work late, fees for violating house rules, fees for leaving a shift early, and a percentage of all sales made by Plaintiffs.

34.     Upon information and belief, Defendant Pyliaris sets these pay policies at his clubs.

35.     Defendants failed to maintain records of workers' hours worked, wages earned, overtime hours worked, and overtime wages earned as required by the FLSA.

36.     Defendants failed to maintain accurate time records of all hours worked by Plaintiffs.

37.     Defendants' pay practices have deprived Plaintiffs of overtime pay when they worked more than 40 hours per week.

38.     Defendants' pay practices have deprived Plaintiffs of the statutorily-required minimum wage.

39.     Defendants' pay practices have deprived Plaintiffs their right to keep all of the tips paid by customers.

40.     Pursuant to the FLSA, Defendants are obligated to pay Plaintiffs at a time and a half rate for all overtime hours worked. Defendants failed to do so.

41.     Pursuant to the FLSA, Defendants are obligated to pay minimum wage for all hours worked.  Defendants have failed to do so.

42.     On March 23, 2018, Congress amended the FLSA to clarify that tips may not be shared with management employees. *See* 29 USC § 203(m)(2)(B).

43.     Defendants' insistence that Plaintiff pay a "house fee" derived solely from her tips

is a *per se* violation of the FLSA's prohibition of management sharing in tips.

44.     Based on the nature of Plaintiffs' job duties, there is no FLSA exemption that applies to preclude Plaintiffs from being paid minimum wage or at one and one-half times her regular rate of pay for all hours worked in excess of 40 per week.

45.     Defendants willfully violated the FLSA by knowingly failing to pay minimum wage, overtime, and continuing to charge "house fees" from its employees after Congress amended the FLSA to explicitly prohibit the same.

46.     At all relevant times Defendants intended to deprive Plaintiffs of the minimum wage and overtime pay each was entitled to under the FLSA, or acted with reckless disregard for Plaintiffs' rights under the FLSA.

## Class and Collective Allegations

47.     This action is properly maintainable as a "hybrid" collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a Class under Rule 23 of the Federal Rules of Civil Procedure.

48.     This action is brought on behalf of Plaintiffs and a class consisting of similarly situated employees who performed work for Defendants as entertainment employees.

49.     The size of the putative class is believed to be in excess of 40 or more employees. The names of all potential members of the putative class are not known.

50.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

51.     The claims of the named Plaintiffs are typical of the claims of the putative class.

52.     Plaintiffs and their counsel will fairly and adequately protect the interests of the

putative class.

53.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

54.     Excluded from this class and collective definition is any putative plaintiff who already resolved her claim against Defendants in the cases of *Banks v. BTF3*, Case No. 3:18-cv-93-HEH; *Oliver v. MGB, Inc.*, Case No. 3:18-cv-96-HEH; and *Cramer, et al. v. Arkesia, Inc.*, Case No. 3:18-cv-39-HEH.

55.     Defendant's pay policies were applicable equally to all entertainers across all Defendants' clubs.

56.     Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable State law by failing to maintain proper and complete timesheets or payroll records.

57.     Upon information and belief, Defendant William Pyliaris was an officer, director, shareholder, and/or president or vice president of the Clubs, and (i) had the power to hire and fire employees for those entities; (ii) supervised and controlled employee work schedules or conditions of employment for those entities; (iii) determined the rate and method of payment for Defendants' employees; and (iv) maintained employment records for the Clubs.

58.     Upon information and belief, Defendant Pyliaris dominated the day-to-day operating decisions of the Clubs, made major personnel decisions for the Clubs, and had complete control of the alleged activities of the Clubs which give rise to the claims brought herein.

59.     Upon information and belief, Defendant Pyliaris was a supervisor, officer and/or agent of the Clubs, who acted directly or indirectly in the interest of the Clubs, and is an employer

within the meaning of the Fair Labor Standards Act. Pyliaris, in his capacity as an officer, director, shareholder, and/or president or vice president, actively participated in the unlawful method of payment for the Clubs' employees.

## COUNT I
### *Violation of the FLSA*

60.     Plaintiffs incorporate by reference and re-alleges the preceding paragraphs as though fully set forth herein.

61.     At all times relevant, Defendants failed to pay Plaintiffs overtime for working more than 40 hours per week.

62.     Plaintiffs worked more than 40 hours per week without overtime compensation for hours worked over 40.

63.     At all times relevant, Defendants failed to pay minimum wage.

64.     Each Plaintiff worked weeks in which she did not receive minimum wage.

65.     At all times relevant, Defendants knew, or should have known, that the FLSA applied to Plaintiffs.

66.     Defendants knew of Plaintiffs' hours worked, and of their obligation to pay minimum wage and overtime.  However, Defendants failed to do so and thus willfully violated the FLSA's requirements.

## COUNT II
### *Violation of Va. Code § 40.1-29*

67.     Plaintiffs incorporates by reference and re-alleges the preceding paragraphs as though fully set forth herein.

68.     Defendants have violated Va. Code § 40.1-29 by failing to pay Plaintiffs wages for

10

all hours worked.

69.     Defendants have violated Va. Code § 40.1-29 by deducting wages without Plaintiffs' signed authorization.

70.     Pursuant to Va. Code § 40.1-29, Plaintiffs are entitled to the payment of unpaid wages with interest, plus attorneys' fees.

## FLSA Relief Requested

Wherefore, Plaintiffs request the following Relief against Defendants:

A.     Collective action notice to be sent to all putative plaintiffs allowing them opportunity to opt in to this FLSA action;

B.     money damages for all unpaid minimum wages;

C.     money damages for all unpaid overtime compensation;

D.     liquidated damages in an amount equal to all unpaid minimum wages and overtime owed to Plaintiffs;

E.     pre-judgment and post-judgment interest;

F.     injunctive relief including but not limited to: an order permanently enjoining Defendants from retaliating against Plaintiffs;

G.     reasonable attorneys' fees and costs expended in the prosecution of this case;

H.     any and all further relief permissible by law.

## Va. Code § 40.1-29 Relief Requested

Wherefore, Plaintiffs request the following Relief against Defendants:

A.     Certification under Rule 23 permitting this claim to proceed as a class

action;

      B.      money damages in the amount shown to be due for unpaid wages;

      C.      pre-judgment and post-judgment interest;

      D.      an award of attorneys' fees of one-third of the amount set forth in the final

order, and costs incurred on Plaintiffs' behalf;

      E.      other further relief as this Court deems necessary and proper.

Plaintiffs respectfully demands **TRIAL BY JURY**.

                                    Respectfully submitted,
                                    **Sonya Esedebe, Tarajah Ford, Sandra Robinson, Antoinette Mapp, Chelsey Slade, Ivy Stewart, Sophia Taylor, Whitney Taylor, and Destiny Walls, on behalf of themselves and others similarly situated**
                                    Plaintiffs

                                    By:_____/s/_____
                                    Attorney for Plaintiffs
                                    Craig Juraj Curwood (VSB No. 43975)
                                    Curwood Law Firm, PLC
                                    530 E. Main Street, Suite 710
                                    Richmond, VA 23219
                                    Telephone: (804) 788-0808
                                    Fax: (804) 767-6777
                                    ccurwood@curwoodlaw.com

                                    and

                                    Justin P. Keating
                                    Rod Harrell
                                    Beins, Axelrod, P.C.
                                    1717 K Street, N.W.
                                    Suite 1120
                                    Washington, D.C. 20006
                                    Telephone: (202) 595-1941
                                    Fax: (202) 328-7030

jkeating@beinsaxelrod.com
harrellr@yahoo.com